UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL HALL,

        Plaintiff,

                              CASE NO. 10 CV 13109-DT
v.                             JUDGE DENISE PAGE HOOD
                              MAGISTRATE JUDGE PAUL KOMIVES

PATRICIA LAMB ET AL.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

I.      RECOMMENDATION:

The Court should dismiss this case because plaintiff has failed to advise the Court of any current and valid address to which the court's orders can be sent.

II.     REPORT:

A.     *Procedural Background*

As set forth in this Court's order entered on October 19, 2010 dismissing defendants Richardson, Gilbert and Blackmon and directing service on defendant Lamb (Doc Ent.#6), plaintiff's complaint (Doc. Ent #1), filed on August 5, 2010, while plaintiff was a state prisoner at Parnall Correctional Facility in Jackson, Michigan, concerned events that occurred during 2008 at the Lenawee County jail in Adrian Michigan.

On August 10, 2010 the Court sent plaintiff a notice regarding the responsibility of the parties to notify the court of any address change (Doc. Ent #3). On December 13, 2010 plaintiff filed such a notice stating that he had been paroled and was living at the address now appearing on the

1

docket of this case (Doc. Ent #8). His notice referred a well to a second case pending in this court (Hall v. Edelman et al. Case 10 - CV - 13587) and was filed as a pleading in that case also.

On December 21, 2010 counsel filed an appearance on behalf of the remaining defendant, Patricia Lamb, and also filed a motion to dismiss (Doc. Ent. #9 and #10).

On December 29, 2010 the Court entered an order referring pretrial matters to me, including the pending motion to dismiss (Doc Ent #11). A copy of this order was sent to plaintiff at the address he had furnished the Court, but on January 11, 2011 this mail was returned to the court by the United States Postal Service as undeliverable (Doc Ent #13).

On January 3, 2011 I entered a scheduling order setting a deadline for plaintiff to file a response to the motion to dismiss (Doc Ent #12). A copy of this order was sent to plaintiff at the address he had furnished the court, but on January 18, 2011 it too was returned to the court by the United States Postal Service as undeliverable (Doc Ent #14). In Case 10-CV-13587 a pleading was also sent to this same address and was returned as undeliverable.

B.      *Legal Standard*

Unless plaintiff belatedly contacts the Court in writing before his time to file objections to this report and recommendation expires, the Court should dismiss this case without prejudice for failure to prosecute. Local Rule 41.2 provides this authority to the Court.

C.      *Analysis*

In light of the above, I recommend dismissal without prejudice pursuant to Local Rule 41.2

III.    <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of receiving a copy  as provided for in 28 U.S.C.

§ 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: January 27, 2011

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on January 27, 2011.

s/Eddrey Butts
Case Manager