UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LATROY HALL (#303394),

Plaintiff,

CASE NO. 2:10-CV-13109
JUDGE DENISE PAGE HOOD
MAGISTRATE JUDGE PAUL J. KOMIVES

v.

PATRICIA LAMB, et al.,

Defendants,
_________________________________/

**REPORT AND RECOMMENDATION REGARDING DEFENDANT LAMB'S PENDING MOTIONS (Doc. Entries 23 and 25)**

**I. RECOMMENDATION:** The Court should grant defendant Lamb's September 27, 2011 renewed motion to dismiss in lieu of responsive pleadings (Doc. Ent. 23).

However, the Court should deny defendant Lamb's November 11, 2011 motion for sanctions (Doc. Ent. 25) without prejudice. If the Court enters judgment in defendant Lamb's favor, then the Court's order should provide defendant Lamb with an opportunity to apply for recovery of costs and attorney fees in accordance with Fed. R. Civ. P. 54(d) ("Costs; Attorney's Fees.") and 42 U.S.C. § 1988(b) ("Attorney's fees").

## II. REPORT:

### A. Background

Michael LaTroy Hall arrived at the Lenawee County Jail (LCJ) on or about August 24, 2008. Doc. Ent. 1 at 6 ¶ 1. On October 17, 2008, Hall was sentenced for August 24, 2008 violations of Mich. Comp. Laws § 750.84 ("Assault with intent to do great bodily harm less than murder.") and Mich Comp. Laws § 333.7403(2)(a)(v) (Possession of a Controlled Substance Less

Than 25 Grams). These convictions were the results of pleas in Lenawee County Case No. 08-13915-FH. *See* www.michigan.gov/corrections, "Offender Search," #303394.

On or about October 17, 2008 - the date on which Hall's sentence was imposed - he was transferred to the MDOC's Charles Egeler Reception and Guidance Center (RGC) for processing. Doc. Ent. 1 at 6 ¶ 6.

**B. Plaintiff's August 5, 2010 Complaint**[1]

Nearly two years later - on August 5, 2010 - while incarcerated at Parnall Correctional Facility (SMT) in Jackson, Michigan, Hall filed this lawsuit against several defendants located at the LCJ in Adrian, Michigan: (1) Dr. Patricia Lamb, (2) Sheriff Larry Richardson, (3) Jail Commander John Doe, (4) Classification Officer Gilbert, (5) Classification Officer Blackmon, (6) Jail "Psych" John Doe and (7) various other John and Jane Does, described as Sergeants, Lieutenants and Officers. Doc. Ent. 1 at 5.

On October 19, 2010, Judge Hood entered an order (Doc. Ent. 6) dismissing defendants Richardson, Gilbert and Blackmon and directing service on defendant Lamb. At the same time, Judge Hood entered an order (Doc. Ent. 5) referring this case to me for pretrial matters. *See also* Doc. Ent. 11.[2]

---

[1]Michael LaTroy Hall (#303394) is also a plaintiff in *Hall v. Edelman, et al.*, Case No. 2:10-cv-13587-VAR-MKM (E.D. Mich.). The multiple defendants in that case include individuals allegedly located at various MDOC facilities, such as Parr Highway Correctional Facility (ATF), Alger Correctional Facility (LMF), Cooper Street Correctional Facility (JCS), Marquette Branch Prison (MBP) and Parnall Correctional Facility (SMT). Doc. Ent. 1 at 23-25. Pursuant to Judge Roberts's October 12, 2010 order in that case, Hall's complaint was dismissed without prejudice.

[2]Hall was paroled on December 2, 2010. *See* www.michigan.gov/corrections, "Offender Search." By a letter dated December 9, 2010 and filed December 13, 2010, plaintiff informed the Court that his address had changed to 448 North Burdick (Gospel Mission), Kalamazoo, Michigan 49007. Doc. Ent. 8.

**C. Defendant Lamb's December 21, 2010 Dispositive Motion**

On December 21, 2010, Patricia Lamb, M.D., the Chief Medical Examiner of Lenawee County, filed a motion to dismiss in lieu of responsive pleadings. Doc. Ent. 10. Therein, Lamb stated she "ha[d] never medically treated Plaintiff Michael Latroy Hall." Doc. Ent. 10 at 1 ¶ 1.[3]

On January 27, 2011, I entered a report (Doc. Ent. 15) recommending that the Court dismiss this case because plaintiff had failed to advise the Court of any current and valid address to which the Court's orders could be sent.[4]

On February 28, 2011, Judge Hood entered an order (Doc. Ent. 17) accepting and adopting my report and recommendation (Doc. Ent. 15); deeming moot defendant Lamb's motion to dismiss (Doc. Ent. 10); and dismissing plaintiff's case without prejudice.[5] She entered judgment in favor of defendant Lamb and against plaintiff the same day (Doc. Ent. 18).

**D. Plaintiff's March 14, 2011 Motion for Relief from Judgment**

By a letter dated March 10, 2011 and filed March 14, 2011, plaintiff informed the Court that his address had changed to 902 Boyd Drive #6, Albion, Michigan 49224. Doc. Ent. 19. At the same time, plaintiff filed a motion for relief from judgment, wherein he sought relief "due to misunderstandings, loss of paperwork and [the] stressful condition of [his] parole[:]

---

[3]Pursuant to my January 3, 2011 scheduling order, any response by plaintiff was due no later than February 23, 2011. Doc. Ent. 12.

[4]At the time I entered my January 27, 2011 report and recommendation (Doc. Ent. 15), two orders (Doc. Ent. 11, Doc. Ent. 12) mailed to plaintiff at his Kalamazoo address had been returned as undeliverable. *See* Doc. Ent. 13, Doc. Ent. 14.

Likewise, the copy of my report and recommendation (Doc. Ent. 15) sent to plaintiff at his Kalamazoo address was returned as undeliverable (Doc. Ent. 16).

[5]The copy of Judge Hood's February 28, 2011 order (Doc. Ent. 17) sent to plaintiff was returned as undeliverable (Doc. Ent. 21).

> The plaintiff has been going through several agencies, doctors, hospital and other non-MDOC remedies to secure the medical issues that he is going through [are] finally taken care of.

Plaintiff also asked "for the allegations he has provided against Dr. Patricia Lamb to be proved in a courtroom." Doc. Ent. 20 at 1.

On September 19, 2011, Judge Hood entered an order (Doc. Ent. 22) granting plaintiff's motion for relief from judgment (Doc. Ent. 20), reopening the case, and referring pretrial matters back to me.

**E. Pending Motions**

Currently before the Court is defendant Lamb's September 27, 2011 renewed motion to dismiss in lieu of responsive pleadings (Doc. Ent. 23), wherein she alleges she "has never medically treated Plaintiff Michael Latroy Hall." Doc. Ent. 23 at 1 ¶ 1; *see also* Doc. Ent. 23 at 4, Doc. Ent. 23-1 ¶ 4 (Lamb's December 2, 2010 affidavit). Plaintiff's response to this motion was originally due on November 2, 2011 (Doc. Ent. 24).

Also before the Court is defendant Lamb's November 11, 2011 motion for sanctions (Doc. Ent. 25), wherein she argues that "[p]laintiff [should] be sanctioned for failure to stipulate to dismiss this case, after being provided with admissible evidence demonstrating that Dr. Lamb did not medically treat him at the [LCJ]." Doc. Ent. 25 at 5. Plaintiff's response to this motion was originally due on January 3, 2012 (Doc. Ent. 26).

**F. Plaintiff's January 5, 2012 Motion for Continuance**

On January 5, 2012, Hall filed a one-page "motion for continuance" which stated, in its entirety, "[n]ow comes Michael LaTroy Hall, in pro se, and hereby moves this [Court] to grant

[his] motion for continuance against defendants [f]or all allegations to be proven in a court environment." Doc. Ent. 27 at 1.

On March 1, 2012, I entered an order (Doc. Ent. 28) granting plaintiff's motion for continuance (Doc. Ent. 27) and setting deadlines for plaintiff's responses to defendant Lamb's pending motions (Doc. Entries 23 and 25). My order specifically provided that plaintiff would have up to and including Monday, April 30, 2012 by which to file separate responses to defendant Lamb's September 27, 2011 renewed motion to dismiss in lieu of responsive pleadings (Doc. Ent. 23) and defendant Lamb's November 11, 2011 motion for sanctions (Doc. Ent. 25). Doc. Ent. 28 at 2-3.

To date, plaintiff has not filed a response to either of these motions.

**G. Discussion**

**1.** In his August 5, 2010 verified complaint,[6] plaintiff alleges, "[t]his journal will show how Lenawee County violated my 1st Amendment, 5th Amendment, 6th Amendment, 8th Amendment and 14th Amendment rights[.] [Defendants] also violated my pre-[trial] detainee rights and Equal Protection Clause." Doc. Ent. 1 at 4.

Specifically, he claims to have arrived at LCJ on August 24, 2008 at 2:30 a.m. According to plaintiff, he was placed in administrative segregation at 7:00 p.m., without reason. Doc. Ent. 1 at 6 ¶ 1. Plaintiff contends that, on August 25, 2008, while in administrative segregation, he "started bleeding from the rectum, throwing up blood and [having] constant stomach pains." Allegedly, plaintiff wrote to medical on a daily basis. Doc. Ent. 1 at 6 ¶ 2. Plaintiff claims to

---

[6]Plaintiff's complaint was signed on August 2, 2010 under penalty of perjury. Doc. Ent. 1 at 3; *see also* 28 U.S.C. § 1746 ("Unsworn declarations under penalty of perjury").

have seen Dr. Patricia Lamb about his issues on or about September 3, 2008. According to plaintiff, he was placed on Zantac.[7] However, "[p]roblems continued after this and were getting worse. [Plaintiff] [c]ontinued to write medical numerously." Doc. Ent. 1 at 6 ¶ 3.

On or about September 11, 2008, plaintiff was placed in general population. His problems continued to get worse. He told officers, sergeants and lieutenants that he needed to go to the hospital, but was told he did not meet the requirements to go to the hospital. Plaintiff allegedly wrote the LCJ Commander but did not receive a response. Also, plaintiff claims, he filed many kites about his confinement, because there was no grievance system. Allegedly, plaintiff also wrote to the "Jail Psych" to get help. Doc. Ent. 1 at 6 ¶ 4.

On or about October 15, 2008, plaintiff saw Dr. Lamb again. Dr. Lamb performed a rectal examination on plaintiff and informed him there was nothing to be done about his medical issues that plaintiff was enduring at LCJ. Doc. Ent. 1 at 6 ¶ 5. Then, on or about October 17, 2008 - the date of plaintiff's sentence - he was transferred to the MDOC's Charles Egeler Reception and Guidance Center (RGC) for processing. According to plaintiff, his medical issues "have now be[en] going on for more than 54 days without proper treatment[.]" Doc. Ent. 1 at 6 ¶ 6.

In conclusion, plaintiff states:

> While in Lenawee County's custody[,] I was denied proper medical attention, denied access to courts through access to law library, denied freedom of speech by not being allowed to file grievances and went through cruel and unusual punishment by being believed that all inmates go through Admin[istrative] Seg[regation] where my cell had not running hot water/[was] always cold/ [had] bugs flying around/ [had to] tak[e] showers with bugs and vermins being present from inmates washing their bowls and cups in the showers.

---

[7]Zantac is "[a] medicine (in the form of tablets) used for peptic ulcer, hypersecretory conditions, and gastroesophageal reflux[.]" SCHMIDT'S ATTORNEYS' DICTIONARY OF MEDICINE, VOLUME 5, Z-1 (1995).

Doc. Ent. 1 at 7. Plaintiff's prayer for relief reads as follows:

> I seek relief of one million dollars in compensatory and punitive damages [for] cruel and unusual punishment (8th Amendment), [violations of] Due Process (5th and 14th Amendment[s]), [violations of the] Equal Protection Clause (14th Amendment) [and for] deliberate indifference, gross negligence, medical malpractice, mental/physical/emotional stress, physical injury, negligent infliction of pain/mental/emotional [distress], mental anguish and humiliation.

Doc. Ent. 1 at 8.

**2.** In her September 27, 2011 renewed motion to dismiss in lieu of responsive pleadings, defendant Lamb explains that she "is the Chief Medical Examiner of Lenawee County, and as such investigates the cause of death of deceased persons, and for this reason has never medically treated Plaintiff Michael Latroy Hall." Doc. Ent. 23 at 1 ¶ 1. Within her motion brief, she states that she "does not medically treat live persons[,]" and "is not a physician at the [LCJ]." Doc. Ent. 23 at 6.

In her December 2, 2010 affidavit, Patricia Lamb, M.D., Chief Medical Examiner for Lenawee County, explains:

> The duties of a Medical Examiner are to make investigations as to the cause and manner of death in all persons who have come to their deaths by violence, or whose death was unexpected, or whose death was the result of abortion, or who died in the custody of the Lenawee County Sheriff.

Doc. Ent. 10-1 ¶ 2, Doc. Ent. 23-1 ¶ 2. She further attests that she "do[es] not provide medical treatment for inmates of the [LCJ][,]" and "ha[s] never provided medical treatment for Plaintiff Michael Latroy Hall." Doc. Ent. 10-1 ¶¶ 3-4, Doc. Ent. 23-1 ¶¶ 3-4.

Upon consideration, the Court should grant defendant Lamb's renewed motion to dismiss in lieu of responsive pleadings (Doc. Ent. 23). To be sure, plaintiff's aforementioned allegations that he was twice seen by Dr. Lamb - on September 3, 2008 and on October 15, 2008 - appear in

his August 5, 2010 verified complaint. However, in defendant Lamb's December 2, 2010 affidavit, which is attached to both of defendant Lamb's motions to dismiss (Doc. Ent. 10, Doc. Ent. 23), she attests that she "ha[s] never provided medical treatment for Plaintiff Michael Latroy Hall[,]" Doc. Ent. 10-1 ¶ 4, Doc. Ent. 23-1 ¶ 4. Plaintiff has failed to respond to defendant Lamb's instant September 27, 2011 renewed motion to dismiss (Doc. Ent. 23), and plaintiff's latest filings (Doc. Ent. 19, Doc. Ent. 20 & Doc. Ent. 27) do not substantively respond to defendant Lamb's December 2, 2010 attestation that she has never provided plaintiff with medical treatment. Therefore, plaintiff having failed to rebut defendant Lamb's claims or attestations, such statements are uncontroverted. This is especially true given the following provision in my October 12, 2011 order requiring plaintiff to file a response: "If the plaintiff does not file opposing affidavits as required by this order and by Rule 56(e), then the court will accept the defendants' affidavits as true." Doc. Ent. 24 at 1.

Furthermore, treating such claims and attestations as uncontroverted, the Court should agree with defendant Lamb that "the medical examiner services that [she] performs in determining the cause of death of deceased persons are outside any stretch of intent in the facts of Plaintiff's Complaint." Therefore, it appears, as defendant Lamb argues, that "Plaintiff cannot succeed in any claim against Dr. Lamb[,]" and "[n]o amount of discovery will change this[,]" Doc. Ent. 23 at 6.[8]

---

[8]Perhaps the individual who treated plaintiff has yet to be identified. As noted above, the complaint lists John and Jane Does as defendants, one of whom is described as a "Jail Psych." Doc. Ent. 1 at 5. However, plaintiff's latest filings - his March 14, 2011 motion for judgment (Doc. Ent. 20) and his January 5, 2012 motion for continuance (Doc. Ent. 27) - do not aid in the identification of any unnamed defendant. Therefore, the John/Jane Does described in plaintiff's complaint remain unidentified.

Still, the instant report and recommendation applies solely to plaintiff's claims against

**3.** Defendant Lamb's November 11, 2011 motion for sanctions is based upon Fed. R. Civ. P. 11 ("Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions"), Fed. R. Civ. P. 54(d) ("Costs; Attorney's Fees.") and 42 U.S.C. § 1988 ("Proceedings in vindication of civil rights"). Doc. Ent. 25 at 1. Defendant Lamb specifically requests that the Court "sanction Plaintiff Hall for failing to stipulate to dismiss this action, and award her attorney fees for having to pursue relief through court action." Doc. Ent. 25 at 2. In support of her request, she states:

> Plaintiff Hall is aware that Dr. Lamb never treated him, based on Dr. Lamb's original [December 21, 2010] Motion to Dismiss, and now again in her [September 27, 2011] Renewed Motion to Dismiss.
>
> Plaintiff Hall has violated Rule 11 for requesting the case be reopened and for continuing this case, both for an improper purpose due to the substantive evidence in the original Motion to Dismiss, and now again in the Renewed Motion to Dismiss, that Dr. Lamb never treated him.
>
> On September 29, 2011, Plaintiff Hall was sent by first-class mail, to his Albion, Michigan address, this motion and brief, a stipulated order to dismiss and a letter explaining the request. [Doc. Ent. 25-1].
>
> Twenty-one days have passed since Defendant requested that Plaintiff Hall stipulate to dismiss the case.

Doc. Ent. 25 at 2 ¶¶ 4-7.

Within her motion brief, defendant Lamb argues that plaintiff has violated Fed. Rules Civ. P. 11(b)(1), 11(b)(2) and 11(b)(3) and contends that the frivolity of the complaint warrants Fed. R. Civ. P. 54 and 42 U.S.C. § 1988 sanctions. Doc. Ent. 25 at 7. Furthermore, she appears to suggest that sanctions be assessed in accordance with Fed. R. Civ. P. 11(c). Doc. Ent. 25 at 8.

---

defendant Patricia Lamb, M.D., as the instant motion was brought only on her behalf.

Upon consideration, the Court should deny defendant Lamb's November 11, 2011 motion for sanctions (Doc. Ent. 25) without prejudice. If the Court enters judgment in defendant Lamb's favor, then the Court's order should provide defendant Lamb with an opportunity to apply for recovery of costs and attorney fees in accordance with Fed. R. Civ. P. 54(d) ("Costs; Attorney's Fees.") and 42 U.S.C. § 1988(b) ("Attorney's fees").

## III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated:6/12/12

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on June 12, 2012.

s/Eddrey Butts
Case Manager